UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

JUN - 3 2016

**U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**

IN THE MATTER OF AN )
APPLICATION OF THE UNITED )
STATES OF AMERICA FOR A )
WARRANT TO OBTAIN RECORDS, )
LOCATION INFORMATION, )
INCLUDING PRECISION LOCATION )
INFORMATION, CELL SITE )
INFORMATION, AND OTHER )
SIGNALING INFORMATION )
ASSOCIATED WITH THE CELLULAR )
TELEPHONE HAVING THE NUMBERS )
(636) 283-8769. )

No. 4:16 MJ 5166 NAB

**FILED UNDER SEAL**

## AFFIDAVIT

Drew Polan, being duly sworn, deposes and says that he is a Deputy United States Marshal with the United States Marshals Service, duly appointed according to law and acting as such.

### Introduction

I, Drew Polan, am a Deputy United States Marshal with the United States Marshals Service and, as such, I am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. My current duty assignment is in the Eastern District of Missouri. My primary duty and assignment obligates me to apprehend state and federal felony fugitives. I have been employed as a Deputy United States Marshal for over eight (8) years, and have a cumulative total of more than ten (10) years of experience as a federal law enforcement officer.

The facts alleged in this affidavit come from my own investigation, my training and experience, and information obtained from other investigators and witnesses. As this affidavit is submitted for the limited purpose of establishing probable cause to locate and monitor the

Case: 4:16-mj-05166-NAB   Doc. #: 1-1   Filed: 06/03/16   Page: 2 of 9 PageID #: 15

location of a cellular telephone as part of a criminal investigation, it does not set forth all of the my knowledge regarding this matter.

Upon information and belief, and as explained in greater detail below, the AT&T cellular telephone bearing number (636) 283-8769 (hereinafter the "**subject cellular telephone**") has been used, and is presently being used, by Jason E. BIERMANN who is charged with Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section(s) 841(a)(1), in Case No. S-1 4:16 CR 00077 JAR (DDN), and whose whereabouts are currently unknown.

The present affidavit is being submitted in connection with an application of the Government for a warrant and order authorizing agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information, including pen register information, in an effort to locate and monitor the location of the **subject cellular telephone**.

Your affiant further states that there is probable cause to believe that the location information associated with the **subject cellular telephone** will lead to the location and arrest of **Jason E. BIERMANN**.

### Investigation and Probable Cause

On April 6, 2016, in the Eastern District of Missouri, an arrest warrant was issued for BIERMANN, charging Conspiracy to Distribute Methamphetamine, in violation of federal law. Subsequently, the United States Marshals Service was directed to initiate a fugitive investigation into BIERMANN's whereabouts.

Additionally, on May 3, 2016 BIERMANN left the Residential Reentry Center facility in

2

Farmington, Missouri, without permission.   BIERMANN had previously been ordered to the facility as part of a federal sentence.   The United States Marshals Service immediately initiated an Escape investigation into BIERMANN's whereabouts.

On June 3, 2016, personnel from the United States Marshals Service developed information that BIERMANN was frequently staying with an individual (hereinafter referred to as "Confidential Source") in Franklin County, Missouri.   An arrest team went to the Confidential Source's residence and determined BIERMANN was not present.   The Confidential Source agreed to assist investigators from the United States Marshals Service and showed the investigators frequent phone conversations and messages between the Confidential Source and BIERMANN, who was using the **target cellular telephone**.   The Confidential Source contacted BIERMANN on the **target cellular telephone** and the two agreed to meet at a gas station near Linn, Missouri.   An arrest team travelled to the gas station and established surveillance of the area.   Shortly thereafter, but before the Confidential Source and additional members of the arrest team arrived, a local law enforcement officer arrived at the gas station on an unrelated matter. Members of the surveillance team observed BIERMANN emerge from a pick-up truck parked at the gas station and run into a wooded area adjacent to the gas station.   The arrest team gave chase but was unable to apprehend BIERMANN, who had fled into the wooded area. The arrest team made contact with the other occupant of the vehicle who told investigators BIERMANN had paid him for a ride to the gas station.   The arrest team was able to ascertain that a .22 caliber pistol was missing from the truck, and was likely in BIERMANN's possession.

The source of your affiant's information and the grounds for his belief are based on your affiant's personal knowledge as well as information provided to your affiant by other agents and/or law enforcement officers assigned to the investigation.   Information gathered in furtherance of

3

this order would be the most judicious and expedient method to locate and apprehend BIERMANN.

The investigation has clearly demonstrated that the **subject cellular telephone** is being used by **Jason E. BIERMANN** who is charged with Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section(s) 841(a)(1), in Case No. S-1 4:16 CR 00077 JAR (DDN), and whose whereabouts are currently unknown.    It is critical that the investigative team be able to locate and monitor the movements of the **subject cellular telephone** thereby assisting in the location and arrest of **Jason E. BIERMANN**.    Your affiant believes that the requested authorization would be a valuable asset in achieving the overall goals of the investigation.

## Investigative Considerations and Techniques

Based on my knowledge, training, and experience, as well as information provided by investigators with specialized experience relating to cellular telephone technology, I am aware of the following facts and considerations:

A.    Wireless phone providers typically generate and retain certain transactional information about the use of each telephone call, voicemail, and text message on their system. Such information can include log files and messaging logs showing all activity on a particular account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or other addressing information associated with particular telephone calls, voicemail messages, and text or multimedia messages.

B.    Wireless phone providers also typically generate and retain information about the location in which a particular communication was transmitted or received.    For example, when

4

a cellular device is used to make or receive a call, text message or other communication, the wireless phone provider will typically generate and maintain a record of which cell tower(s) was/were used to process that contact.   Wireless providers maintain information, including the corresponding cell towers (i.e., tower covering specific geographic areas), sectors (i.e., faces of the towers), and other signaling data as part of their regularly conducted business activities. Typically, wireless providers maintain records of the cell tower information associated with the beginning and end of a call.

C.   Because cellular devices generally attempt to communicate with the closest cell tower available, cell site location information from a wireless phone provider allows investigators to identify an approximate geographic location from which a communication with a particular cellular device originated or was received.

D.   Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages.   A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received.   The provider could have this information because each cellular device has one or more unique identifiers embedded inside it.   Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique

identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers.

E.      Wireless providers also maintain business records and subscriber information for particular accounts.  This information could include the subscriber's full name and address, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscriber's Social Security Number and date of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscriber.  In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).  The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

F.      Providers of cellular telephone service also typically have technical capabilities that allow them to collect and generate more precise location information than that provided by cell site location records.  This information is sometimes referred to as E-911 phase II data, GPS data or latitude-longitude data.  In the Eastern District of Missouri, such information is often referred to as "precision location information" or "PLI" data.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by attempting to triangulate the device's signal using data from several of the provider's cell towers.  Depending on the capabilities of the particular phone and provider, E-911 data can sometimes provide precise information related to the location of a cellular device.

6

In order to locate the **subject cellular telephone** and monitor the movements of the phone, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may need to employ one or more techniques described in this affidavit and in the application of the government.   The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may seek a warrant to compel AT&T, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications   (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System information (if available), transactional records, including cell site location information, and pen register and trap-and-trace data.

None of the investigative techniques that may be employed as a result of the present application and affidavit require a physical intrusion into a private space or a physical trespass. Electronic surveillance techniques such as pen register and cell site location monitoring typically have not been limited to daytime use only.   Furthermore, the criminal conduct being investigated is not limited to the daytime.   Therefore, the fact that the present application requests a warrant based on probable cause should not limit the use of the requested investigative techniques to daytime use only.   Accordingly, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, request the ability to employ these investigative techniques at any time, day or night.

The monitoring of the location of the **subject cellular telephone** by one of the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

## Conclusion

Based on the above information, there is probable cause to believe that the **subject cellular telephone** is being used by **Jason E. BIERMANN**, who is charged Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section(s) 841(a)(1), in Case No. S-1 4:16 CR 00077 JAR (DDN), and whose whereabouts are currently unknown. There is likewise probable cause to conclude that locating and monitoring the movements of the **subject cellular telephone** will lead to the location and arrest of **Jason E. BIERMANN**.

_6/3/2016_
DATE

Drew Polan
Deputy United States Marshal
United States Marshals Service

Sworn to and subscribed before me this _3rd_ day of June, 2016.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

8

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

### AT&T
### and

| | | | |
|---|---|---|---|
| 01 Communications | Empire Paging | MCI Worldcom | Smart Beep Paging |
| Access Line Communication | Ernest Communications | Metro PCS | Smart City Telecom |
| ACN Communications | Echelon Telecommunications | Metro Teleconnect | Socket Telecom |
| ACS | EZ Talk Communications | Mid-Atlantic | South Central Bell |
| Aero Communications, Inc. (IL) | FDN Communications | Midvale Telephone Exchange | Sprint |
| Afford A Phone | Fibernit Comm | Midwest Wireless | Sprint Spectrum, L.P. |
| Airvoice Wireless | Florida Cell Service | Millington Telephone | SRT Wireless |
| Alaska Communications | Florida Digital Network | MLM Telecommunications | Star Telephone Company |
| Alhambra-Grantfx Telephone | Focal Communications | Mobile Communications | Start Wireless |
| AmeriTel | Frontier Communications | Mound Bayou Telephone Co. | Sugar Land Telephone |
| AOL Corp. | Gabriel Comm | Mountain Bell | Sure West Telephone Company |
| Arch Communication | Galaxy Paging | Mpower Communictions | Talk America |
| AT&T | Global Communications | Navigator | Tele Touch Comm |
| AT&T Mobility | Global Crossing | Telecommunications | Telecorp Comm |
| Bell Aliant | Global Eyes Communications | NE Nebraska Telephone | Telepak |
| Big River Telephone | Global Naps | Netlink Comm | Telistire |
| Birch Telecom | Global Rock Network | Network Services | Telnet Worldwide |
| Blackberry Corporation | Grafton Telephone Company | Neustar | Tex-Link Comm |
| Brivia Communications | Grand River | Neutral Tandem | Time Warner Cable |
| Broadview Networks | Grande Comm | Nex-Tech/United Wireless | T-Mobile |
| Broadvox Ltd. | Great Plains Telephone | Nexus Communications | Total Call International |
| Budget Prepay | Harrington Telephone | NII Comm | Tracfone Wireless |
| Bulls Eye Telecom | Harrisonville Telephone Co. | North Central Telephone | Trinity International |
| Cable Vision | Heartland Communications | North State Comm | Triton PCS Company |
| Call Wave | Hickory Telephone | Northcoast Communications | U-Mobile |
| Cbeyond Inc. | Houston Cellular Telephone | Novacom | Unicel Cellular |
| CCPR Services | Huxley Communications | Ntera | United On-Line |
| Cellco Partnership, | iBasis | N-Teleos Wireless | United States Cellular Corp. |
|    d/b/a Verizon Wireless | IDT Corporation | NTS Communications | United Telephone of MO |
| Cellular One | Illinois Consolidated | Oklahoma City SMSA | US Cellular |
| Cellular South |    Communications | ONSTAR | US Communications |
| Centennial Wireless | Illinois Valley Cellular | Optel Texas Telecom | US LEC |
| CenturyLink | Insight Phone | Orion Electronics | US Link |
| Champaign Cellular | Integra | PacBell | US West Communcations |
| Charter Communications | Iowa Wireless | PacWest Telecom | USA Mobility |
| Chickasaw Telephone | IQ Telecom | PAETEC Communications | VarTec Telecommunications |
| Choctaw Telephone Company | J2 Global Communications | Page Plus Communications | Verisign |
| Choice Net Comm. | Leap Wireless International | Page Mart, Inc. | Verizon Telephone Company |
| Cimco Comm | Level 3 Communications | Page Net Paging | Verizon Wireless |
| Cincinnati Bell | Level One | Panhandle Telephone | Viaero Wireless |
| Cinergy Communications | Local Links Communications | Peerless Network | Virgin Mobile |
| Citizens Utilities | Locus Communications | Pineland Telephone | Vonage Holdings |
| Clear World Communication | Logix Communications | PhoneTech | Wabash Telephone |
| Com-Cast Cable Comm. | Longlines Wireless | PhoneTel | Weblink Wireless |
| Comm South Companies | Los Angeles Cellular | Preferred Telephone | Western Wireless |
| Commercial Communications | Madison River | Priority Communications | Westlink Communications |
| Consolidated Communications |    Communications | Puretalk | Windstream Communications |
| Conversent Communications | Madison/Macoupin Telephone | RCN Telecom | WinStar Communications |
| Cox Communications |    Company | RNK Telecom | Wirefly |
| Cricket Wireless | Mankato Citizens Telephone | QWEST Communications | WISPNET, LLC |
| Custer Telephone Cooperative | Map Mobile Comm | Sage Telecom | World Comm |
| DBS Communications | Marathon Comm | SE All-Tel Comm | XO Communications |
| Delta Communications | Mark Twain Rural | Seren Innovations | Xspedius |
| Detroit Cellular | Matrix Telecom, Inc. | Sigecom LLC | Yadkin Valley Telephone |
| Dobson Cellular | Max-Tel Communications | Sky Tel Paging | YMAX Communications |
| Egyptian Telephone | McCleod USA | | Ztel Communications |
| Electric Lightwave, Inc. | | | |

## ATTACHMENT 1, TO INCLUDE PROVIDERS OF ANY TYPE OF WIRE AND/OR ELECTRONIC COMMUNICATIONS

Last Update: 08/17/2015